<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANINE ETEROVICH, individually and as Executrix of the Estate of Scott A. Peer,  Plaintiff, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,  Defendant. | Civil Action No. 11-2907 (SRC)  OPINION |

<u>CHESLER</u>, District Judge

This matter comes before the Court upon two motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56: 1) the motion by Defendant The Prudential Insurance Company of America ("Prudential"); and 2) the cross-motion by Janine Eterovich, individually and as Executrix of the Estate of Scott A. Peer ("Eterovich"). For the reasons discussed below, this Court will grant Defendant's motion and deny Plaintiff's motion.

This case arises from a claim filed under an accidental death insurance policy. The following facts are undisputed. Prudential insured Plaintiff's husband under a group accidental death insurance plan (the "Plan") sponsored by his employer; Plaintiff's husband died of a heart attack on January 1, 2002. In November of 2009, Plaintiff filed a claim with Prudential under the Plan. Prudential denied the claim both in an initial review and on appeal; Plaintiff has filed the instant suit for benefits in a Complaint asserting four claims: 1) wrongful denial of benefits, in violation of ERISA § 502(a)(1)(b); 2) breach of contract; 3) breach of the covenant of good faith and fair dealing; and 4) breach of fiduciary duty under ERISA. Prudential has now moved for

summary judgment on the Complaint, and Plaintiff has cross-moved for the same.

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). "We review a challenge by a participant to a termination of benefits under ERISA § 502(a)(1)(B) under an arbitrary and capricious standard where, as here, the plan grants the administrator discretionary authority to determine eligibility for benefits." Miller v. Am. Airlines, Inc., 632 F.3d 837, 844 (3d Cir. 2011). Plaintiff contends that this Court should apply a *de novo* standard to its review of Prudential's decision, while Prudential argues that this Court should apply an arbitrary and capricious standard. The Court need not labor over this issue because Plaintiff has failed to prove her case under either standard.

Plaintiff bears the burden of proof of wrongful denial of benefits at trial. "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Because Plaintiff bears the burden of proof on all claims in the Complaint, Defendant, as

the party moving for summary judgment, meets its initial summary judgment burden simply by pointing out an absent of evidence to support Plaintiff's case.  Defendant has met this burden.  Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists.  Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

It is immaterial whether Plaintiff is viewed as the nonmovant on Prudential's motion or the movant on its cross-motion: Plaintiff must point to sufficient evidence to allow a jury to find in its favor at trial.  Plaintiff has not done so.  While the death of Plaintiff's husband is clearly a tragedy, Plaintiff has not presented evidence which establishes a right to benefits under the insurance policy at issue.

Prudential contends that it denied benefits because the claim was subject to two exclusion provisions in the policy.  First, the claim was denied because deaths resulting from medical treatment are excluded under the policy.  Second, the claim was denied because it was not filed with the Plan's contractual limitations period.

Plaintiff does dispute – and, in fact, asserts affirmatively – that her husband died as a result of his medical treatment with Vioxx: "the record is replete with evidence to show that the Insured died from Vioxx which is a covered loss under the Plan." (Pl.'s Opp. Br. 14.) There is no dispute that Plaintiff's husband took Vioxx because he was prescribed it by a physician as a medical treatment. It is also undisputed that the policy contains a section of exclusions entitled, "Losses not covered" and that paragraph (4) within that section states: "Medical or surgical treatment of Sickness, whether the Loss results directly or indirectly from the treatment." (Coppola Cert. Ex. A at PRU 597.) Because Plaintiff contends that her husband died as a result of his treatment with Vioxx, and his treatment with Vioxx was a medical treatment of sickness, the claim falls within this exclusion provision.

Prrudential's position appears to be quite straightforward, and Plaintiff's brief in opposition and in support of her cross-motion fails to come to grips with it. Plaintiff asserts without any justification that the loss did not result from medical treatment – despite asserting that her husband died as a result of taking Vioxx which a physician prescribed to him. Plaintiff argues that Prudential's exclusion of the claim from coverage is "not justified," but offers no explanation for this. To prevail, Plaintiff must offer something to persuade this Court that Prudential was wrong in denying a claim for a death which, Plaintiff agrees, resulted from the medical treatment of the decedent. Plaintiff has offered nothing. The undisputed evidence before this Court shows that, under any standard of review, Prudential was entitled to deny coverage of the claim at issue due to the medical treatment exclusion. This alone provides a basis to grant Prudential's motion and to deny Plaintiff's cross-motion.

The contractual limitations period provides an additional basis for this decision. There is

4

no dispute that the insurance policy at issue contains a section entitled "Claim Rules," in which the following provisions appear:

> Proof of Loss: Prudential must be given written proof of the loss for which claim is made under the Coverage. This proof must cover the occurrence, character and extent of that loss. It must be furnished within 90 days after the date of the loss, except that:
>
> (1) If any Coverage provides for periodic payment of benefits at monthly or shorter intervals, the proof of loss for each such period must be furnished within 90 days after its end.
> (2) If payment under a Coverage is to be made for charges incurred during a Calendar Year, the proof for that Calendar Year must be furnished within 90 days after its end.
>
> A claim will not be considered valid unless the proof is furnished within these time limits. However, it may not be reasonably possible to do so. In that case, the claim will still be considered valid if the proof is furnished as soon as reasonably possible.
>
> . . .
>
> Legal Action: No action at law or in equity shall be brought to recover on the Group Contract until 60 days after the written proof described above is furnished. No such action shall be brought more than three years after the end of the time within which proof of loss is required.

(Coppola Cert. Ex. A at PRU 605.) Prudential contends both that: 1) the claim must be denied because Plaintiff failed to submit written proof of loss within the required period; and 2) Plaintiff cannot prevail in this action because it was not brought within this contractual limitations period, which expired well before this suit was brought in 2011.

Plaintiff responds with three arguments. First, Plaintiff contends that her claim was timely filed in November of 2009, because she "was not aware of her potential rights to seek benefits under the Plan until her settlement with Merck on or about October 23, 2009." (Pl.'s Opp. Br. 19.) In a word, this is absurd. Plaintiff filed suit against Merck over her husband's

5

death in March of 2006.  The resolution of Plaintiff's suit against Merck in 2009 could not have affected Plaintiff's knowledge about or notice of whether she had a claim for her husband's death as an accident caused by Vioxx.

Next, Plaintiff makes an argument based on ERISA's statute of limitations – which is irrelevant, since Prudential asserts a contractual limitation period, not a statutory one.  Lastly, Plaintiff asks for equitable tolling, but makes no persuasive case for why equity supports the tolling of a contractual limitation period against a party whose hands appear to be entirely clean.  Plaintiff points to the alleged misdeeds of Merck in regard to Vioxx – but equity certainly does not support penalizing Prudential for the misdeeds of some unrelated entity.  Plaintiff does not otherwise dispute that both the claim and this suit were untimely under the applicable contractual limitation provisions.  Plaintiff has neither  established a right to payment of the claim under the contract, nor shown that factual disputes preclude the entry of judgment for Defendant as a matter of law.

Defendants have demonstrated that they are entitled to judgment as a matter of law. Plaintiff has failed to defeat Defendant's motion for summary judgment, and has failed to show, on cross-motion, that she is entitled to judgment as a matter of law.  Defendant's motion for summary judgment is granted, and Plaintiff's cross-motion for summary judgment is denied.

Although the Complaint asserts four counts, and the motion and cross-motion have addressed only the claims for denial of benefits and breach of contract, it is clear that Plaintiff's claims for breach of the covenant of good faith and fair dealing and for breach of fiduciary duty cannot survive a decision that Prudential did not wrongfully deny benefits or breach the terms of

an express contract.  Judgment will therefore be entered on the Complaint in its entirety.


                                                        s/ Stanley R. Chesler
                                                       STANLEY R. CHESLER
                                                 United States District Judge


DATED: February 8, 2012